NORMAN *v.* SHARP.

4-7223                                         177 S. W. 2d 401

Opinion delivered January 31, 1944.

*C. T. Cotham,* for appellant.

*Murphy & Wood,* for appellee.

GRIFFIN SMITH, C. J.   Mattie Patton, a widow, was owner of realty which forms the subject matter of this appeal. In 1924 she deeded to her niece, Cynthia Nelson, reserving a life estate. In 1927 Mattie, by warranty deed, again conveyed to Cynthia, without reservations. In the meantime Mattie had married T. A. Ewing. Cynthia died in November, 1932, a widow without living issue. Her father, James McEwan, Sr., acquired a life estate, with remainder in fee to James McEwan, Jr., and Mattie Sharp, Cynthia's brother and sister, respectively. Mattie Patton, prior and subsequent to her marriage to Ewing, occupied the property, or rented it, receiving its benefits. It is contended by appellees that this was permissive tenancy.

The Chancellor made the following finding of facts:

''[The land in question] was owned in fee simple by Cynthia Nelson at the time of her decease. . . . [She] died intestate in the year 1932. . . . [Cynthia] left no husband, mother, children, or issue surviving her, but left her father, James McEwan, Sr., and her sister, Mattie Sharp, and her brother, James McEwan, Jr., surviving her as the only heirs at law, and the . . . property, upon the death of Cynthia Nelson, ascended to the father, James McEwan, Sr., for his lifetime, with the remainder to the said Mattie Sharp and James McEwan, Jr. . . . James McEwan, Sr., died about the year 1934, and upon [his] death the . . . property vested in the interveners, Mattie Sharp and James McEwan, Jr., in fee simple absolutely. By agreement with the said James McEwan, Sr., and the interveners,

. . . the . . . real property was left in the possession of Mattie Patton Ewing during her lifetime. . . . Mattie Patton Ewing died in December, 1940. Prior to [her] death [she] undertook to convey the . . . real property to the plaintiff, Henry C. Norman. . . . Mattie Patton Ewing also undertook to devise said property to . . . Henry C. Norman by her last will and testament, but the . . . deed . . . conveyed no title to . . . Norman, and no title vested in [him] by virtue of said will. The said Henry C. Norman has expended some money in repairs upon the . . . property and for insurance premiums and taxes, but he has reimbursed himself for such expenditures out of the rents, . . . and the . . . expenses . . . have been fully offset by the rents which he has collected.''

In 1941 Norman field his complaint, asking that title be quieted and confirmed in himself. Mattie Sharp and James McEwan, Jr., intervened. In the testimony there are allusions to an unrecorded deed, but its existence was not established. It is contended there was possession under color of title, and that in any event the necessary expenses claimed by appellant should be repaid.

Appellees clearly have title and it should be quieted in them unless appellant's claim of adverse possession can be maintained. There are transactions and circumstances indicating that appellees treated the property in a manner alien to the title they now assert. Appellant is shown to have relied upon adverse possession of his aunt; also upon her deed to him, and the will. Appellees concede they are not in actual possession and that the property was occupied by Mattie Patton Ewing from the time Cynthia's administrator turned it over to Mattie— a period of more than seven years prior to Mattie's death in 1940.

Against certain evidence that appellees were not claiming the property is a letter written by the administrator of Cynthia's estate, dated January 19, 1933, and addressed to Mattie Patton Ewing, who was then in

Tennessee. The administrator referred to a $500 mortgage, and added: ''The Judge says Cynthia's father is the sole heir, and they will turn the balance over to him, except that the house comes back to you as long as you live, and after your death to [Cynthia's] heirs.''

Mattie Sharp and James McEwan, Jr., testified that of their own knowledge ''Aunt Mattie'' received the letter, and that following her death it was found among her effects. They also testified that she expressly confirmed statements in the letter as to conditions under which the property was turned over to her. Under this testimony she took the property with the reservation that her estate was for life. If this were true the occupancy was permissive. We cannot say that the Chancellor's finding on this point was contrary to the preponderance rule.

It is next contended that appellees must fail because, in effect, they seek possession, and ejectment cannot be decreed in an action having for its purpose defeat of an adversary's right to have a purely legal matter adjudicated in a court where disputed questions of fact may be resolved by a jury. In the instant case, however, appellant selected the forum by praying that his alleged title be quieted. Originally his action was in *rem*. When appellees intervened, appellant filed a response, effect of which was to join issues at appellant's invitation.

The pleas of *laches* and estoppel are not maintenable if, as was found, possession was permissive.

Affirmed.